[Cite as *State v. Minkner*, 194 Ohio App.3d 694, 2011-Ohio-3106.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

THE STATE OF OHIO,                                          :

    Appellee,                                            :C.A. CASE NO.    2010 CA 8

v.

                                     :T.C. NO. 05CR224 and 06CR81

MINKNER,                                                   :                    (Criminal appeal from
                                                                                Common Pleas Court)
    Appellant.                                           :

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    24th    day of     June   , 2011.

. . . . . . . . . .

Nick A. Selvaggio, Champaign County Prosecuting Attorney, for appellee.

Christopher B. Epley, for appellant.

. . . . . . . . . .

FROELICH, Judge.

{¶ 1} Michael A. Minkner appeals from a judgment of the Champaign County Court of Common Pleas, which resentenced him pursuant to R.C. 2929.191. For the following reasons, the trial court's judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings.

I

{¶ 2} This case is Minkner's third appeal to this court.

{¶ 3} On May 10, 2006, Minkner pleaded guilty to two counts of trafficking in cocaine (Counts 1 and 2), both fifth-degree felonies, in case No. 2005-CR-224, and in case No. 2006-CR-81, to engaging in a pattern of corrupt activity (Count 1), a second-degree felony; two counts of trafficking in cocaine, a fifth-degree felony (Counts 4 and 10); and two counts of trafficking in cocaine, a fourth-degree felony (Counts 6 and 8). In exchange for the plea, several other counts and various specifications were dismissed.

{¶ 4} Prior to sentencing, Minkner moved to withdraw his guilty pleas. On August 21, 2006, the trial court conducted a hearing on Minkner's motion, denied the motion, and sentenced Minkner to a total of nine years in prison, a fine of $500, restitution in the amount of $230 to the Champaign County Sheriff's Department, a two-year driver's-license suspension, and court costs. Minkner appealed from his conviction and sentence, challenging the denial of his motion to withdraw his plea and arguing only that he was not timely provided with certain discovery. We affirmed the trial court's judgment. *State v. Minkner*, Champaign App. No. 2006 CA 32, 2007-Ohio-5574.

{¶ 5} On March 24, 2009, Minkner filed a post-sentence motion to withdraw his guilty plea, claiming that a manifest injustice had occurred when the trial court misinformed him at the plea hearing that he was eligible for community-control sanctions when, in fact, he was subject to mandatory imprisonment. Minkner noted that his codefendant, Quinton A. Howard, had filed a motion to withdraw his guilty plea based on the same misrepresentation, and the trial court's denial of that motion was reversed on appeal in *State v. Howard,* Champaign App. No. 06-CA-29, 2008-Ohio-419. The trial court denied Minkner's motion to withdraw his plea without a hearing, adopting the authority set forth in the state's memorandum, distinguishing *Howard,* and finding that Minkner had failed to demonstrate a manifest injustice. We affirmed the trial court's judgment. *State v. Minkner*, Champaign App. No. 2009 CA 16, 2009-Ohio-5625. In that

decision, we noted that whether Minkner should have raised certain issues (i.e., the same issues raised by Howard's appeal) in his first appeal was not before us, id. at ¶34; it still is not.

{¶ 6} In December 2009, Minkner filed in the trial court a motion to correct void sentences and request for resentencing, asserting that his sentence was void due to the trial court's failure to notify him at sentencing that he would be subject to three years of mandatory postrelease control. The state agreed that Minkner "might not have been adequately informed that he was subject to mandatory post-release control" and requested that the trial court resentence Minkner in accordance with R.C. 2929.191.

{¶ 7} Minkner was brought back to court and resentenced on February 23, 2010. During the hearing, Minkner orally renewed his motion to withdraw his plea, asserting that his previous motion should have been considered as a presentence motion. Minkner elected not to request a separate hearing on that motion. The trial court found that Minkner's motion was a postsentence motion to withdraw his plea, and it reaffirmed its earlier ruling.

{¶ 8} The court and counsel also discussed reasons to modify Minkner's sentence, including that Howard's sentence had been "reduced by the court of appeals" from eight to six years and that Minkner may have provided assistance to prison officials.[1] The court sentenced Minkner to a total of eight years in prison (down from nine years), a fine of $500, restitution in the amount of $230 to the Champaign County Sheriff's Department, a two-year driver's-license suspension, and court costs. The court informed Minkner that he would be subject to three years of postrelease control. However, the judgment entry stated that Minkner "is ordered to be subject to post release control for a maximum of three (3) years, all subject to Parole Board determination

---

[1] Actually, the court of appeals had reversed the trial court's denial of Howard's motion to withdraw his plea. Upon entry of a new plea, Howard was sentenced to six years by the trial court.

according to law."

{¶ 9} Minkner appeals from the trial court's judgment.

II

{¶ 10} Minkner filed a pro se brief on May 17, 2010, prior to the appointment of counsel for this case. Appointed counsel filed a brief on Minkner's behalf on January 21, 2011, after the record for appeal was complete. This court does not accept hybrid briefing, i.e., briefing by a party pro se and by that party's appellate counsel. Because Minkner is represented by counsel in this appeal, we will consider only the assignment of error identified by counsel.

{¶ 11} Minkner's counsel raises one assignment, which states:

{¶ 12} "Appellant's sentence was neither proportional to his conduct nor consistent with the sentence imposed on a similar defendant convicted of similar crimes."

{¶ 13} Minkner claims that his eight-year sentence is disproportional to the sentence received by his codefendant, because Howard's sentence had been reduced by two years whereas the trial court reduced Minkner's sentence by one year. Minkner further argues that the trial court failed to consider the factors set forth in R.C. 2929.11 and 2929.12 in imposing his sentence.

{¶ 14} On February 23, 2010, Minkner was resentenced under R.C. 2929.191 due to the trial court's failure to properly impose postrelease control at his original sentencing in August 2006.

{¶ 15} R.C. 2929.191, effective July 11, 2006, establishes a procedure to correct sentences in which postrelease control was not properly imposed. It applies to offenders who have not yet been released from prison and who either (1) did not receive notice at the sentencing hearing that they would be subject to postrelease control, (2) did not receive notice that the parole board could impose a prison term for a violation of postrelease control, or (3) did not have both of these

statutorily mandated notices incorporated into their sentencing entries. R.C. 2929.191(A) and (B); *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶23. R.C. 2929.191 authorizes the trial court, after a hearing, to "prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." Id.

{¶ 16} "The hearing contemplated by R.C. 2929.191(C) and the correction contemplated by R.C. 2929.191(A) and (B) pertain only to the flawed imposition of postrelease control. R.C. 2929.191 does not address the remainder of an offender's sentence. Thus, the General Assembly appears to have intended to leave undisturbed the sanctions imposed upon the offender that are unaffected by the court's failure to properly impose postrelease control at the original sentencing." *Singleton* at ¶24.

{¶ 17} R.C. 2929.191 applies prospectively and, thus, the "sentencing procedure detailed in the decisions of the Ohio Supreme Court is the appropriate method to correct a criminal sentence imposed *prior to* July 11, 2006, that lacks proper notification and imposition of postrelease control." (Emphasis added.) *Singleton* at ¶35. Sentences entered on or after July 11, 2006, that lack proper imposition of postrelease control must be corrected in accordance with R.C. 2929.191. See id.; *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶214; *State v. Fuller*, 124 Ohio St.3d 543, 2010-Ohio-726.

{¶ 18} As Minkner's original sentence was imposed after July 11, 2006, his resentencing was governed by R.C. 2929.191, and the hearing should have been limited to the issue of postrelease control. The trial court was not authorized to reconsider all of the terms of Minkner's original sentence, including the length of Minkner's term of imprisonment.

{¶ 19} We appreciate the uncertainty regarding the "decisions of the Ohio Supreme Court"

that existed both before and after *Singleton* in December 2009 concerning when all or part of a judgment and sentence is void or a nullity. Indeed, the Supreme Court has recently clarified that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *State v. Fischer*, 2010-Ohio-6238, ¶26. "[O]nly the offending portion of the sentence is subject to review and correction." Id. at ¶27.

{¶ 20} Because all of Minkner's original sentence but the portion imposing postrelease control was not void, the trial court lacked the power to amend or modify the valid portions of the judgment. "[T]he trial court may not amend an executed sentence absent a clerical error or a void sentence." *State v. Sharp*, Montgomery App. No. 21958, 2008-Ohio-1618, ¶4, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795; *State v. Carter*, Montgomery App. No. 23575, 2010-Ohio-3646.

{¶ 21} Res judicata applies to all aspects of Minkner's conviction and sentence (other than postrelease control), including the determination of guilt and the lawful elements of the sentence. *Fischer*, 2010-Ohio-6238, at paragraph three of the syllabus. Thus, Minkner cannot raise any challenge to his 2006 conviction and sentence that was or could have been raised on direct appeal. We realize that the discrepancy of which Minkner now complains may not have been apparent at the time of Minkner's 2006 sentence; nonetheless, with the exception of the imposition of postrelease control, the 2006 sentence was a valid final judgment. Absent the withdrawal of his plea, as happened with his co-defendant, and the entry of a new plea and judgment, res judicata would bar any attempt to raise the alleged discrepancy.

{¶ 22} As stated above, Minkner complains that his reduced sentence is disproportional to his co-defendant's sentence and that the trial court should have reduced his sentence further. He

states that the trial court did not consider statutory factors in modifying his sentence. Considering that the trial court had no authority in 2010 to modify Minkner's nine-year sentence, the trial court certainly did not err in failing to reduce his sentence further.

{¶ 23} The state acknowledges that it believed that Minkner was entitled to a complete resentencing in February 2010 and that the state suggested to the trial court that the reduction in Howard's sentence plus Minkner's assistance to prison officials were possible reasons to modify his sentence. The state asserts that the doctrine of invited error might apply to prevent the state from contesting the trial court's decision to conduct a complete resentencing. However, it claims that the eight-year sentence is neither contrary to law nor an abuse of discretion.

{¶ 24} " 'The doctrine of invited error is a corollary of the principle of equitable estoppel. Under the doctrine of invited error, an appellant, in either a civil or a criminal case, cannot attack a judgment for errors committed by himself or herself; for errors that the appellant induced the court to commit; or for errors into which the appellant either intentionally or unintentionally misled the court, and for which the appellant is actively responsible. Under this principle, a party cannot complain of any action taken or ruling made by the court in accordance with that party's own suggestion or request.' " *Daimler/Chrysler Truck Fin. v. Kimball,* Champaign App. No. 2007-CA-07, 2007-Ohio-6678, ¶40, quoting 5 Ohio Jurisprudence 3d (1999, Supp.2007) 170-171, Appellate Review, Section 448.

{¶ 25} Parties to an action cannot, through invited error, confer jurisdiction where none exists. E.g., *Davis v. Wolfe* (2001), 92 Ohio St.3d 549, 552 (stating that the invited error is "merely a branch of the waiver doctrine" and did not preclude the argument that the trial court lacked subject-matter jurisdiction); *State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, ¶12 (invited-error doctrine did not apply to allow court to hold a second restitution hearing and to

modify valid final judgment); *State v. Taogaga*, Cuyahoga App. No. 79845, 2002-Ohio-5062 (invited-error doctrine did not apply to give trial court jurisdiction to resentence the defendant while his appeal was pending). The trial court had no jurisdiction to modify its valid executed sentence, and the parties could not agree to a complete resentencing hearing and to permit the court to modify an executed sentence in the absence of a clerical error or a void judgment. Thus, despite the parties' statements to the trial court at the resentencing hearing, the trial court's reduction of Minkner's sentence to eight years must be reversed. See, e.g., *Ex parte Hitt* (Ala.2000), 778 So.2d 159, 162 (holding that when trial court modified sentence without jurisdiction, the original sentence must be reinstated); *Purnell* (reversing modified restitution amount and reinstating original restitution portion of sentence).

{¶ 26} Minkner could have raised on direct appeal of his 2006 sentence that a nine-year term was contrary to law and an abuse of discretion. He raised no such arguments. Minkner's challenges to his sentence are barred by res judicata.

{¶ 27} In addition to challenging his prison term, Minkner argues in a pro se brief that his guilty pleas were not made knowingly, intelligently, and voluntarily and that the trial court erred in ordering restitution of $230 to the Champaign County Sheriff's Department. (The court imposed the same restitution order upon resentencing.) Even if we were to consider these arguments, these alleged errors also could have been raised on direct appeal of the original sentence and are barred by res judicata.

{¶ 28} We are not unaware of Minkner's self-inflicted wound resulting from his decision to appeal. Perhaps, in hindsight, Minkner would have been wiser to accept the judge's sentence reduction and the prosecutor's agreement, or perhaps there are other remedies available. But since Minkner's reduced sentence has been brought to our attention, we cannot affirm the trial

court's unauthorized new sentence. Absent the withdrawal of Minkner's plea and the entry of a new plea, the court's original nine-year sentence must stand.

{¶ 29} The assignment of error is overruled.

{¶ 30} As a final matter, we note that the trial court's 2010 judgment entry does not state that Minkner would be subject to three years of mandatory postrelease control, as required by law, even though Minkner was properly informed of postrelease control at the resentencing hearing.

III

{¶ 31} The trial court's judgment is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

· · · · · · · · · ·

GRADY, P.J., and FAIN, J., concur.