[Cite as *State v. Hubbard*, 2012-Ohio-1052.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
## No. 97118

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEVON C. HUBBARD

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534449

**BEFORE:** Celebrezze, J., Blackmon, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** March 15, 2012

**ATTORNEY FOR APPELLANT**

Robert E. Dintaman
Robert E. Dintaman, Esq., L.L.C.
330 The Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Marcus A. Henry
        Gregory Mussman
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ALSO LISTED**

Devon C. Hubbard
Inmate No. A-603-329
Lebanon Correctional Institution
P.O. Box 45
Lebanon, Ohio   45036

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Devon Hubbard, appeals his convictions for rape of a child under age 13, child endangerment, and kidnapping. He argues he should not have been permitted to withdraw his plea, his trial attorney was ineffective, and his convictions are not supported by sufficient evidence. After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

{¶2} On February 18, 2010, appellant was at the apartment of his off-again-on-again girlfriend, C.B. The couple had two children together — C-M, age two, and C-D, a two-week old infant. C.B. had taken C-D to a doctor appointment, leaving C-M in appellant's exclusive care. C-M was fine when C.B. left home. Later that day, appellant called C.B. and told her that C-M was in the bathtub and was screaming. Appellant picked him up and saw blood running down his leg. C.B. told him to wrap a towel around him and get some clothes, and she would be right there to take him to the hospital.

{¶3} C.B. took C-M to the Cleveland Clinic's main campus, where he was examined by Dr. David Turell. Dr. Turell observed several tears to C-M's rectum and had reservations about how the injury occurred. He sought analysis by a Sexual Assault

Nurse Examiner or "SANE" nurse and transferred C-M to Hillcrest Hospital where such an examination could be done.

{¶4} Once C-M arrived at Hillcrest, he was examined by a number of health care professionals including SANE nurse Michelle Cockrell, forensic nurse Carol Hurst, and emergency room doctor Mary Dearmin. They documented C-M's injuries and interviewed C.B., appellant, and appellant's mother Diane Hubbard to determine how the injury occurred. Once it was determined by the medical professionals that the trauma observed did not fit the explanation of how the injury occurred, the police and social services were called. The police arrested appellant in the lobby of Hillcrest Hospital.

{¶5} Cleveland Police Officer Gary Bartell testified that he took appellant into custody and read him his *Miranda* rights. While being transported to the police station, appellant was asked several questions, and he described the same events he had earlier told to the doctors who examined C-M. He said that C-M was playing in the bathtub with a bunch of toys and must have injured himself on one of them.

{¶6} Appellant was processed and later questioned by Detective Michael Kovach of the Cleveland Police Sex Crimes and Child Abuse Unit. Det. Kovach testified that appellant was advised of his constitutional rights and agreed to waive them in writing. Appellant then gave a statement, which was dictated by Det. Kovach. Appellant's statement relayed the same information he told the nurses, doctors, and Officer Bartell.

{¶7} Appellant was charged with rape of a child under age 13, in violation of R.C. 2907.02(A)(1)(b); kidnapping, in violation of R.C. 2905.01(A)(4), with a sexual motivation specification; and child endangerment, in violation of R.C. 2919.22(A).

{¶8} On January 10, 2011, the day appellant's trial was to begin, he agreed to plead guilty to one count of rape and one count of child endangerment. A thorough plea colloquy was conducted, and appellant entered guilty pleas to these charges. However, two days later, appellant filed a pro se motion to withdraw his plea, arguing he did not understand that he was giving up his appellate rights.

{¶9} On February 8, 2011, the trial court conducted a hearing on this motion. Appellant's attorney stated that he advised appellant not to withdraw his plea and that appellant was fully advised about the consequences of doing so, the difficult nature of the case, the evidence against him, and the fact that there would be no plea agreement if his motion was granted. After a hearing, the trial court granted appellant's motion and set the case for jury trial.

{¶10} The jury trial resulted in findings of guilt on all counts except the sexual motivation specification. At sentencing, the state acknowledged that all three offenses were allied and elected to have appellant sentenced on the rape count. The court imposed a mandatory 25-years-to-life term of imprisonment. Appellant then timely appealed assigning four errors for review.

II.   Law and Analysis

A.   Withdrawal of Plea

{¶11} Appellant first asserts that the "[t]rial court erred by allowing [him] to withdraw his guilty plea in violation of Criminal Rule 32.1 and Fourteenth Amendment guarantees to due process." Appellant argues that the trial court should not have granted his pro se motion to withdraw his plea.

{¶12} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶13} "'[A] presentence motion to withdraw a guilty plea should be freely and liberally granted.'" *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 1, quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). A trial court's decision to grant or deny a motion to withdraw a guilty plea is reviewed using an abuse of discretion standard. *State v. Dyke*, 9th Dist. No. 02CA008204, 2003-Ohio-4788, 2003 WL 22093377, at ¶ 7, citing *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863, paragraph two of the syllabus (1980). To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶14} Assuming the trial court erred in permitting appellant to withdraw his plea, any such error was invited. Appellant cannot gain an advantage by his action in withdrawing his plea, and then claim it as error when the trial does not go to his liking.

> "'The doctrine of invited error is a corollary of the principle of equitable estoppel. Under the doctrine of invited error, an appellant, in either a civil

or a criminal case, cannot attack a judgment for errors committed by himself or herself; for errors that the appellant induced the court to commit; or for errors into which the appellant either intentionally or unintentionally misled the court, and for which the appellant is actively responsible. Under this principle, a party cannot complain of any action taken or ruling made by the court in accordance with that party's own suggestion or request.'" *State v. Minkner,* 194 Ohio App.3d 694, 2011-Ohio-3106, 957 N.E.2d 829, ¶ 24 (2d Dist.), quoting *Daimler/Chrysler Truck Fin. v. Kimball*, 2d Dist. No. 2007-CA-07, 2007-Ohio-6678, ¶ 40, quoting 5 Ohio Jurisprudence 3d 170–171, Appellate Review, Section 448 (1999, Supp.2007).

{¶15} If the trial court erred in vacating appellant's plea, that error was invited and will not stand as grounds for vacating his conviction.

### B. Ineffective Assistance of Counsel

{¶16} Appellant's next assignment of error states, "trial counsel provided ineffective assistance of counsel to appellant by failing to call at trial state provided expert witness in violation of the Sixth Amendment to the U.S. Constitution, Section 10, Article I of the Ohio Constitution and Fourteenth Amendment guarantees of Due Process."

{¶17} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Brooks*, 25 Ohio St.3d 144, 495 N.E.2d 407 (1986).

{¶18} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and

competent manner.  *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985); *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 209 N.E.2d 164 (1965).

{¶19} The trial court granted appellant's first attorney's motion to retain an expert at the state's expense.  This attorney asked to withdraw during pretrial because of disputes with appellant after he had paid the expert and received his report.  During a hearing on the attorney's motion to withdraw, he indicated that the expert's opinion was not helpful to appellant and also indicated that he would not submit the expert's bill to the court for payment so that appellant's next attorney could retain a different expert.  Appellant claims another   expert was retained but did not testify at trial.

{¶20} It is pure speculation on appellant's part that trial counsel was ineffective for not calling an expert to testify.  Based on the fact that the expert hired by appellant's original attorney was not favorable to appellant, the same result could have occurred with the second expert.  Appellant did not file a motion for postconviction relief where he could introduce the report of this expert into the record.  The record does indicate that appellant's trial attorney did retain an expert to render an opinion and testify.  This would show at least that the expert's opinion contradicted that of the witnesses called by the state.

{¶21} Appellant has not demonstrated that expert witness testimony would have provided a reasonable probability to overcome the state's case against him.  This would be especially hard to demonstrate in this case where the expert opinion obtained by

appellant's first attorney was not helpful to his case.[1]   Therefore, appellant has failed to

satisfy the second prong of the *Strickland* test.   Accordingly, this assignment of error is

overruled.

## C. Sufficiency

**{¶22}** Appellant next argues that "the trial court erred by denying [him] his right to

Due Process and a right to a fair trial as guaranteed by the Fourteenth Amendment to the

Constitution as [his] convictions on the counts of rape and kidnapping were based upon

insufficient evidence."

**{¶23}** An appellate court examining an argument that a given conviction is not

supported by sufficient evidence reviews the evidence adduced at trial and determines

> whether such evidence, if believed, would convince the average mind of
> defendant's guilt beyond a reasonable doubt.   The relevant inquiry is
> whether, after viewing the evidence in a light most favorable to the
> prosecution, any rational trier of fact could have found the essential
> elements of the crime proven beyond a reasonable doubt.   *State v. Jenks*,
> 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991),
> citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560
> (1979).

We note that a judgment will not be reversed upon insufficient or conflicting evidence if

it is supported by competent, credible evidence that goes to all the essential elements of

the case.   *Cohen v. Lamko*, 10 Ohio St.3d 167, 462 N.E.2d 407 (1984).

---

[1] After appellant testified that his original attorney told him to lie as an excuse as to why his story changed several times leading up to trial, that attorney was permitted to address the court just prior to sentencing to refute these accusations. This attorney also indicated that the expert report he had personally paid for was not helpful to appellant's case.

**{¶24}** Appellant spends time arguing about the sexual motivation specification he was charged with, but of which he was found not guilty. A sufficiency argument first requires an unsupported conviction. Where no conviction exists, no sufficiency argument exists.

**{¶25}** Appellant was convicted of rape of a child under age 13, in violation of R.C. 2907.02(A)(1)(b). As it relates to this case, this provision prohibits sexual conduct with another who is less than 13 years old. According to R.C. 2907.02(B), one convicted of rape of a child under age ten must be sentenced to 25-years-to-life or life without parole.

**{¶26}** Sexual conduct is defined in R.C. 2907.01, in pertinent part, as "without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the * * * anal opening of another. Penetration, however slight, is sufficient to complete * * * anal intercourse."

**{¶27}** During trial, the state presented evidence of C-M's injuries and demonstrated that appellant was the only person with C-M at the time the injuries occurred. Appellant had told others who testified at trial that C-M must have sat on a toy boat in the bathtub. Dr. Dearmin, Dr. Turell, and nurse Cockrell testified that the injuries were not the result of sitting on a toy boat floating in a bathtub. Further, Dr. Dearmin testified that C-M demonstrated a lack of rectal tone, meaning the penetration was repeated and not the result of a single trauma such as sitting on a toy in the bathtub. Appellant claims that no evidence of the instrumentality used to penetrate C-M was offered, and therefore, insufficient evidence exists. However, it does not matter what

was used to repeatedly penetrate C-M. The state presented sufficient circumstantial evidence of appellant's guilt.

{¶28} C-M was in appellant's exclusive control, as both C.B. and appellant testified. C.B. testified that she had changed C-M's diaper right before leaving home, and it contained no evidence of blood. This was borne out by photographs taken by the police when they searched C.B.'s apartment the morning after the incident. Dr. Dearmin indicated that C-M's injury was the kind inflicted from repeated penetration and not the type that would occur from sitting on a light-weight toy boat floating in a bathtub. Two medical experts testified that the injury to C-M — nine distinct tears of the tissue found in the anal cavity — were not indicative of a child sitting on a toy in the bathtub. Dr. Dearmin also testified that this was not the type of injury that would be self-inflicted by a child because it would have been extremely painful. This is sufficient evidence.

{¶29} Appellant also argues there was insufficient evidence of kidnapping. We must note that the kidnapping charge merged with the rape conviction prior to sentencing. Even if it had not, the Ohio Supreme Court has recognized that within every forcible rape there is an implicit kidnapping. *State v. Logan*, 60 Ohio St.2d 126, 130, 397 N.E.2d 1345 (1979). Having found that appellant's rape conviction was supported by sufficient evidence, this disposes of appellant's arguments regarding the kidnapping charge.

D. Right to Remain Silent

{¶30} Appellant next argues that "the trial court erred and denied [him] his right to due process of law pursuant to the Fourteenth Amendment to the Constitution and the protections pursuant to the Sixth Amendment right to counsel when it admitted statements by appellant to Officer Gary Bartell as evidence without an opportunity to affirmatively invoke or knowingly waive his right to counsel."

{¶31} There is no debate in this case about the custodial nature of appellant's detention at the time questioning by Officer Bartell took place. The only issue contested is whether appellant's waiver of his rights to remain silent and to representation was voluntary, intelligent, and knowing.

{¶32} "The question of waiver must be determined on the particular facts and circumstances surrounding the case." *N. Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286, at the syllabus (1979). Further, "in at least some cases waiver can be clearly inferred from the actions and words of the person interrogated." *Id*. at 373.

{¶33} Factors to be considered when determining the validity of waiver include: "'"the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement."'" *State v. Lynch*, 98 Ohio St.3d 514, 2003-Ohio-2284, 787 N.E.2d 1185, ¶ 54, quoting *State v. Mason*, 82 Ohio St.3d 144, 154, 694 N.E.2d 932 (1998), quoting *State v. Edwards*, 49 Ohio St.2d 31, 358 N.E.2d 1051, paragraph two of the syllabus (1976).

{¶34} There is no evidence in the record that appellant was incapable of understanding the rights he was waiving by speaking with the police. No mental incapacity is evident. Officer Bartell testified that he read appellant a summary of his constitutional rights as set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Bartell indicated that appellant was advised of these rights before any questions were asked of him. Bartell further testified that appellant willingly gave a statement during the brief car ride from the hospital to the police station about what had happened to his son. During appellant's testimony, he did not contradict Officer Bartell's statement that he was read his rights. In fact, appellant was adamant that he wanted to talk to the police to explain what had happened. No evidence of any oppressive tactics, threat, physical deprivation, or inducement exists in the record.

{¶35} Appellant would have this court enunciate a rule requiring all waivers of the rights to counsel and to remain silent to be in writing and valid only upon an extensive dialogue between the inquisitor and the respondent. That is not what the holding in *Miranda* or Ohio law require. An appraisal of the right to remain silent is enough in some cases. *Lynch*, 98 Ohio St.3d 514, 787 N.E.2d 1185, at ¶ 54. Further, appellant failed to raise this issue prior to trial, which is required by Crim.R. 12(C)(3). *State v. Hunter*, 8th Dist. No. 94958, 2011-Ohio-1068, 2011 WL 827556, ¶ 29.

{¶36} Appellant has waived all but plain error according to Crim.R. 12(H), and that does not exist here where he expressed his willingness and desire to speak with

Officer Bartell, who had advised appellant of his right to remain silent and his right to counsel.

## III. Conclusion

{¶37} Appellant attempts to argue that the trial court erred in granting his motion to withdraw his plea. That tenuous argument cannot result in reversal here because appellant invited that very result. Also, on the record before us, appellant failed to show that trial counsel was ineffective for not calling an expert witness. The record does not show that the testimony of a defense expert would have aided appellant, especially in light of the fact that the expert opinion obtained by appellant's first attorney was not helpful to his case. Appellant's conviction for rape was supported by sufficient evidence, and his constitutional rights were not violated when he willingly spoke to police officers after being informed of his rights to remain silent and for counsel.

{¶38} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
KENNETH A. ROCCO, J., CONCUR