[Cite as *State v. Conway*, 2012-Ohio-3102.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                        :          C.A. CASE NOS. 2011 CA 2
                                             2012 CA 9

v.                                               :          T.C. NO.   06CR1400
                                                06CR1401

DAVID B. CONWAY                                  :          (Criminal appeal from
                                           Common Pleas Court)

    Defendant-Appellant                       :

                                            :

. . . . . . . . . .

# O P I N I O N

Rendered on the    6th    day of     July    , 2012.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

DAVID B. CONWAY, #548-122, London Correctional Institute, P. O. Box 69, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}**    David Conway appeals, pro se, from a judgment of the Clark County Court

of Common Pleas, following his resentencing for the purpose of properly imposing postrelease control. Because we find no error in the trial court's resentencing proceedings, the trial court's judgment will be affirmed.

{¶ 2} In April 2007, Conway was convicted of burglary, and he was sentenced to eight years of imprisonment (Case No. 06-CR-1401). The trial court ordered that this sentence be served consecutively with an eight-year sentence for burglary that was imposed in another case (Case No. 06-CR-1400), for an aggregate term of sixteen years. In both cases, the court ordered that Conway serve "up to" three years of postrelease control and pay court costs.

{¶ 3} On appeal, we recognized that the trial court had failed to properly notify Conway about the requisite term of postrelease control in each case when it told him that postrelease control would be mandatory "up to" a maximum of three years. *State v. Conway*, 2d Dist. Clark No. 2010-CA-50, 2011-Ohio-24, ¶ 21-22, citing *State v. Marriott*, 2d Dist. Clark No. 2008 CA 48, 2010-Ohio-3115, ¶ 52-58. We also noted that a sentence that does not comply with the postrelease control requirements is only partially void, stating "'[w]hen an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.'" *Id*. at ¶ 25, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 28. Accordingly, we reversed the postrelease control portions of Conway's sentences, remanded to the trial court for a hearing under R.C. 2929.191(C), and ordered the trial court to correct the judgments of conviction relating to postrelease control. *Conway* at ¶ 27.

{¶ 4} Conway claims that the trial court "over stepped its jurisdiction" when it

resentenced him because he was "fully re-sentenced," *i.e.*, the trial court restated his entire sentence at the hearing, including, but not limited to, the mandatory three-year term of postrelease control. With respect to each count, the trial court stated that Conway would be sentenced to "eight years in the Ohio State Penitentiary, three years mandatory post-release control and court costs." In other words, the trial court imposed the same sentence that it had originally imposed as to each count, with the clarification that Conway would have "three years mandatory post-release control."

{¶ 5}     Conway claims that the portions of his sentence unrelated to postrelease control should not have been addressed at all on remand, that the trial court "went outside it's [sic] jurisdiction" and resentenced him "contrary to [R.C.] 2929.191." He asserts that "res judicata still applie[d] to other aspects" of his conviction and that he was twice put in jeopardy for the same offenses, in violation of his constitutional rights.

{¶ 6}     Conway correctly frames the law and our instructions to the trial court on remand: the only issue properly before the trial court was the reimposition of the sentences of postrelease control. However, Conway attempted to address additional issues at the hearing, asking that the court reconsider its imposition of consecutive sentences. As Conway now recognizes, we had not reversed any other portion of his sentence, and no other modification of the sentence was permitted. Thus, the trial court need not have restated the other portions of its sentences, *i.e.*, the eight-year prison terms and the imposition of costs. But some of our decisions which clarified the procedure for correcting sentences in which postrelease control was not properly imposed postdate the trial court's hearing in this case. *See, e.g.*, *State v. Minkner*, 194 Ohio App.3d 694, 2011-Ohio-3106, 957 N.E.2d 829 (2d

4

Dist.). Because Conway's sentences were not changed except with respect to the imposition of postrelease control, he was not prejudiced in any way by the trial court's statements, and these statements did not put him twice in jeopardy for the same offenses.

{¶ 7} Conway's assignment of error is overruled.

{¶ 8} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and WILLAMOWSKI, J., concur.

(Hon. John R. Willamowski, Third District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Lisa M. Fannin
David B. Conway
Hon. Douglas M. Rastatter