[Cite as *In re S.D.*, 2021-Ohio-3810.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| S.D. | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| J.P. | : | |
| | : | Case Nos. 2021CA00066 |
| K.P. | : | 2021CA00067 |
| | : | 2021CA00068 |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeals from the Court of Common Pleas, Family Court Division, Case Nos. 2019JCV00723, 2019JCV00724, & 2019JCV00725

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 27, 2021

APPEARANCES:

For Appellant-Mother

AARON KOVALCHIK
116 Cleveland Avenue, NW
Suite 808
Canton, OH 44702

For Appellee-Agency

BRANDON J. WALTENBAUGH
402 2nd Street, SE
Canton, OH 44702

*Wise, Earle, J.*

{¶ 1}   Appellant-mother, J.D., appeals the June 3, 2021 judgment entries of the Court of Common Pleas of Stark County, Ohio, Family Court Division, terminating her parental rights and granting permanent custody of her three children to appellee, Stark County Job and Family Services.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 26, 2019, appellee filed complaints alleging three children to be neglected, abused, and/or dependent: S.D. born December 2012 (Case No. 2019JCV00723), J.P. born July 2017 (Case No. 2019JCV00724), and K.P. born September 2018 (Case No. 2019JCV00725).  Mother is appellant herein; father of S.D. is W.B. and father of J.P. and K.P. is A.P.  Appellee sought temporary custody of the children.

{¶ 3}   Adjudicatory and dispositional hearings were held on October 17, 2019, wherein the trial court found S.D. and K.P. to be neglected children and J.P. to be a dependent child, and placed the children in appellee's temporary custody.

{¶ 4}   On December 22, 2020, appellee filed motions for permanent custody of the children.  A hearing was held on May 18, 2021.  By judgment entries filed June 3, 2021, the trial court terminated appellant's parental rights and granted appellee permanent custody of the children.  Findings of fact and conclusions of law were filed contemporaneously with the judgment entries.

{¶ 5}   Appellant filed appeals, one for each child, and this matter is now before this court for consideration.  Assignments of error are identical and are as follows:

I

{¶ 6}   "THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT AND SHOULD NOT BE PLACED WITH APPELLANT AT THIS TIME OR WITHIN A REASONABLE PERIOD OF TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

II

{¶ 7}   "THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I, II

{¶ 8}   In her first assignment of error, appellant claims the trial court erred in finding the children could not or should not be placed with her within a reasonable period of time.

{¶ 9}   In her second assignment of error, appellant claims the trial court erred in finding the best interests of the children would be best served by granting permanent custody to appellee.

{¶ 10} Appellant challenges the manifest weight and sufficiency of the evidence. We disagree with appellant's arguments.

{¶ 11} Sufficiency of the evidence "is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict [decision] is a question of law."  *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 12} On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered."  *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  In *Thompkins, supra,* at 387, quoting Black's Law Dictionary 1594 (6th Ed.1990), the Supreme Court of Ohio explained the following:

Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its *effect in inducing belief*."  (Emphasis sic.)

{¶ 13} In weighing the evidence however, we are always mindful of the presumption in favor of the trial court's factual findings.  *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶ 14} R.C. 2151.414(B)(1) states permanent custody may be granted if the trial court determines, by clear and convincing evidence, that it is in the best interest of the child and:

> (a) The child is not abandoned or orphaned * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
>
> (b) The child is abandoned.
>
> (c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
>
> (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *.
>
> (e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

{¶ 15} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *See In re Adoption of Holcomb,* 18 Ohio St.3d 361, 481 N.E.2d 613 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a

reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

{¶ 16} R.C. 2151.414(E) sets out the factors relevant to determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Said section states in pertinent part the following:

(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have

substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(2) Chronic mental illness, chronic emotional illness, intellectual disability, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;

(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.

(16) Any other factor the court considers relevant.

{¶ 17} R.C. 2151.414(D)(1) sets forth the factors a trial court shall consider in determining the best interest of a child:

(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 18} For the purposes of R.C. 2151.414(B)(1), "a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."

{¶ 19} Appellant does not contest the fact that the children were adjudicated and placed in appellee's temporary custody on October 17, 2019, the motion for permanent custody was filed on December 22, 2020, and the hearing on permanent custody was held on May 18, 2021.  As found by the trial court, the children have been in appellee's custody for over twelve months of a consecutive twenty-two-month period.  R.C. 2151.414(B)(1)(d).

{¶ 20} Having made this finding, the trial court was not required to make findings under subsection (E).  Nevertheless, the trial court additionally found the children "cannot be placed with either parent within a reasonable period of time and should not be placed with the parents," and made findings consistent with several factors under subsection (E).  *See, In re DA.J.,* 8th Dist. Cuyahoga No. 110393, 2012-Ohio-3102, ¶ 61.

{¶ 21} Appellant argues the trial court's findings pursuant to R.C. 2151.414(E) were not proven by clear and convincing evidence.

{¶ 22} During the May 18, 2021 hearing, the trial court heard from the ongoing family caseworker, appellant, father A.P., and the guardian ad litem for the children.  The trial court also had a report from the guardian ad litem.  As explained by our brethren from the Second District in *In re A.J.S. & R.S.,* 2d Dist. Miami No. 2007CA2, 2007-Ohio-3433, ¶ 22:

Accordingly, issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact.  In this regard, "[t]he underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."  *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.  Finally, an appellate court must adhere to every reasonable presumption in favor of the trial court's judgment and findings of fact.  *In re Brodbeck,* 97 Ohio App.3d 652, 659, 647 N.E.2d 240, citing *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 226, 1994-Ohio-432, 638 N.E.2d 533.

{¶ 23} Further, " 'the discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned.' "  *In re Mauzy Children,* 5th Dist. Stark No. 2000CA00244, 2000 WL 1700073, *2 (Nov. 13, 2000), quoting *In re Awkal,* 95 Ohio App.3d 309, 316, 642 N.E.2d 424 (8th Dist.1994).

{¶ 24} In its findings of fact and conclusions of law filed June 3, 2021, the trial court found the following in all three cases:[1]

19/21. Mother did appear at the May 18, 2020 hearing for permanent custody.

20/22. The SCDJFS case plan for mother included the following requirements: 1) Substance Abuse Assessment; 2) Parenting Evaluation; 3) Obtain independent housing; 4) Comprehensive Mental Health Treatment; 5) Goodwill Parenting; and Anger Management.

21/23. Mother actively participates in counseling but continues to be emotionally unstable.

22/24. Mother has been actively suicidal since February 2021.

23/25. Mother did attend Goodwill parenting but did not take responsibility for herself and the condition of the children at the time they were removed from the home, did not complete her goals, could not retain direction, and was not taking suggestions or techniques.

24/26. Mother's home is not a safe environment with no heat during the winter due to rodents chewing through the heating elements, no working refrigerator, a kitchen sink that does not drain properly, and bed bugs and lice.

---

[1] The first set of paragraph numbers correspond to the judgment entries filed in Case Nos. 2019JCV00724 (J.P.) and 2019JCV0725 (K.P.); the second set of paragraph numbers correspond to the judgment entry filed in Case No. 2019JCV00723 (S.D.).

25/27. Mother has not paid rent for several months and is being evicted May 21, 2021.

26/28. Mother was unwilling to move to a shelter and did not qualify for other housing services.

{¶ 25} These findings are amply supported in the record.  T. at 6-8, 11-22, 30, 37, 41-44, 48, 54, 67.  When questioned if giving appellant an extension of time would help her, the caseworker answered in the negative, stating "things are getting worse instead of better."  T. at 43.

{¶ 26} As for best interests, the trial court found S.D. "suffers from Chromosome Deletion Syndrome which requires regular monitoring and testing.  [The child] also requires special inserts and braces to correct an abnormal gait. [The child] is cognitively impaired and has global delays."  At the time S.D. was removed from the home, the child "was grossly underweight and was hospitalized for several days at that time."  Now S.D. "has gained weight rapidly" and "is also making progress in school."  J.P. "has delayed speech and is nonverbal."  The child has made "tremendous developmental progress since the case began."  When K.P. was removed from the home, the child was very malnourished and has made immediate gains regarding weight while in foster care.  J.P. and K.P. "had a rash from bed bugs, lice, scabies, ringworm, impetigo, lip ulcers, and diaper rashes."  The children are placed in foster care together, their needs are being addressed, and they have made tremendous progress since being placed in the foster home.  The trial court concluded the children deserve to be in a stable, loving environment where they can thrive and have their needs met on a daily basis.

{¶ 27} The guardian ad litem recommended granting permanent custody to appellee which was in the best interests of the children.  T. at 87-88.  The children are bonded to the foster family, and the foster parents are interested in adopting the children. T. at 75.

{¶ 28} Again, the trial court's findings are amply supported in the record.  T. at 27, 70-75, 77-80, 83-84.

{¶ 29} Upon review, we find sufficient clear and convincing evidence to support the trial court's decision to grant appellee permanent custody of the children, and do not find any manifest miscarriage of justice.

{¶ 30} Assignments of Error I and II are denied.

{¶ 31} The judgments of the Court of Common Pleas of Stark County, Ohio, Family Court Division, are affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db