THE STATE OF OHIO, APPELLEE, *v.* FULLER, APPELLANT.

[Cite as *State v. Fuller*, 124 Ohio St.3d 543, 2010-Ohio-726.]

*Court of appeals' judgment reversed on the authority of State v. Singleton and cause remanded to the trial court.*

(No. 2008-2343 — Submitted January 13, 2010 — Decided March 4, 2010.)

APPEAL from the Court of Appeals for Madison County,

No. CA2008-04-008.

_____

**{¶ 1}** The judgment of the court of appeals is reversed on the authority of *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958*,* to the extent that the court of appeals held that a hearing pursuant to R.C.2929.191 was not required to correct appellant's sentence. The cause is remanded to the trial court for a hearing pursuant to R.C.2929.191.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., concurs separately.

PFEIFER, J., dissents.

_____

**LANZINGER, J., concurring.**

**{¶ 2}** While I recognize that Justice Pfeifer has raised legitimate concerns regarding the use of this court's decision in *State v. Singleton* to dispose of the present case, I agree that the judgment of the court of appeals should be reversed in this case.

**{¶ 3}** The proposition of law before us in *Singleton* stated, "Prior to the expiration of an originally imposed prison term, a trial court may correct an offender's felony sentence pursuant to the procedure outlined in R.C. 2929.191 if

that sentence lacks the sanction of postrelease control." In my opinion in *Singleton*, I concluded that "the amendments to R.C. 2929.19 and the enactment of R.C. 2929.191 represent an attempt to return logic and order to this area of the law and that R.C. 2929.191 should be applied both retroactively and prospectively." *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 65 (Lanzinger, J, concurring in part and dissenting in part).

{¶ 4} For the reasons stated in my opinion in *Singleton*, I continue to maintain that the statute should be applied prospectively and join in the majority's decision to reverse and remand the present case to the trial court for a hearing pursuant to R.C. 2929.191.

_____

**PFEIFER, J., dissenting.**

{¶ 5} "[T]he fact of placement of a statement in a syllabus paragraph does not transform dictum into a conclusion of law." *DeLozier v. Sommer* (1974), 38 Ohio St.2d 268, 271, 67 O.O.2d 335, 313 N.E.2d 386, fn. 2. Today this case is decided on the authority of paragraph two of the syllabus of *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, which is to say it is decided on the authority of nothing. The second syllabus paragraph of *Singleton* is pure dictum. "Obiter dictum" has been defined as " 'an incidental and collateral opinion uttered by a judge, and therefore (as not material to his decision or judgment) not binding.' " *State ex rel Gordon v. Barthalow* (1948), 150 Ohio St. 499, 505-506, 38 O.O. 340, 83 N.E.2d 393, quoting Webster's New International Dictionary (2d Ed.). Black's Law Dictionary defines it as "a judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential." Black's Law Dictionary (8th Ed.2004) 1102. The definition of "obiter dictum" in the *next* edition of Black's Law Dictionary should read, "See *State v. Singleton*, paragraph two of the syllabus."

**{¶ 6}** In *Singleton*, the question before us was "whether the de novo sentencing procedures detailed in decisions of this court or the remedial procedures set forth in R.C. 2929.191 * * *, which became effective July 11, 2006, should be used by trial courts to properly sentence an offender when correcting a failure to properly impose postrelease control." *Singleton* at ¶ 1. The first syllabus paragraph answered the question for the defendant in *Singleton*: "For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio." The second syllabus paragraph of *Singleton* purports to deal with cases in which sentences were imposed after the effective date of Am.Sub.H.B. No. 137, Baldwin's Ohio Legislative Service Annotated (Vol. 4, 2006) L-1911 ("H.B. 137"). However, the sentence of the only defendant in *Singleton* was imposed prior to the effective date of H.B. 137. The second syllabus paragraph in *Singleton* is thus "a judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential."

**{¶ 7}** Further, the second syllabus paragraph in *Singleton* is not the product of a true majority of this court. Instead, it is cobbled together by only two of the five justices responsible for the judgment of the case, coupled with the two dissenters. There was only one judgment in *Singleton*: this court affirmed the judgment of the court of appeals because R.C. 2929.191 did not apply to the defendant. Justices Lanzinger and Lundberg Stratton dissented from the sole judgment in the case – how can they then be a part of any majority decision? *Singleton* did not involve two defendants; there were not two judgments such that a justice could be in the majority in one, both, or neither. A justice was either in the majority or not, and thus Justices Lanzinger and Lundberg Stratton as dissenters cannot be counted upon as part of the majority decision. If they are

considered four votes of a majority but dissented from the judgment, that necessarily means that the law with which they agreed, the second syllabus paragraph, had no bearing on the judgment of the case. They concurred in dictum only. Do four judges concurring in dictum constitute a majority opinion? Whether they do or not, the dictum they agree to has no precedential value.

{¶ 8} Also, *Singleton* states that the curative procedure set forth in R.C. 2929.191 controls in cases in which sentencing errors were made after the effective date of H.B. 137, despite the fact that by the statute's own terms, it applies only to sentences imposed prior to the effective date of H.B. 137, and despite the fact that no defendant anywhere has ever argued that R.C. 2929.191 applies to sentences imposed after the effective date of H.B. 137.

{¶ 9} *This* case presents the real issue that H.B. 137 raises regarding sentences imposed after the effective date of the act. The decision of the court of appeals in this case is based upon an application of R.C. 2929.19(B)(3)(c), which was not addressed in *Singleton* and which purports to essentially make an imposition of postrelease control automatic and thus not reliant on the imposition of postrelease control by a trial judge at a sentencing hearing and in the court's entry. In *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, this court recognized that the intention of the General Assembly in H.B. 137 was to make the imposition of postrelease control independent of a court order: "[T]he General Assembly amended the Revised Code through 2006 Am.Sub.H.B. No. 137, which *authorizes the executive branch to impose postrelease control without a court order*. See Section 5(A), Am.Sub.H.B. No. 137, eff. July 11, 2006; R.C. 2929.191 and 2967.28(B). The validity of that action has been challenged on constitutional and other grounds, and we agreed to review that issue [in case No. 2007-1415, *State v. Mosmeyer,* 115 Ohio St.3d 1472, 2007-Ohio-5735, 875 N.E.2d 626]." (Emphasis added.) *Simpkins*, ¶ 17, fn. 1. For one reason or another, that issue has yet to be reviewed by this court. *Simpkins* states

that the issue will be decided in *Mosmeyer*—a decision that this case was originally held for. But the issue was not decided in *Mosmeyer*, see *State v. Mosmeyer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, and this case was then held for *Singleton*, which also does not address the legality of the imposition of postrelease control without a valid court order. The issue should finally be resolved here.

{¶ 10} The court below held that pursuant to R.C. 2929.19(B)(3), a trial judge's sentencing errors do not affect the executive branch's ability to impose postrelease control:

{¶ 11} "Am.Sub.H.B. No. 137, effective July 11, 2006, amended R.C. 2929.19(B)(3)(c) and addressed the situation where a court imposing sentence for an offense requiring postrelease control fails to notify the offender at the hearing that he is subject to postrelease control. Such a failure, according to the amended statute, 'does not negate, limit, or otherwise effect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code.' This version of the statute applies to appellant's case in view of the fact that appellant's guilty plea and sentencing followed the effective date of the amended statute.

{¶ 12} "Although the trial court in this case failed to notify appellant that he was subject to postrelease control at the sentencing hearing, the amended version of R.C. 2929.19(B)(3)(c) leaves the required period of his postrelease control intact. Thus, appellant's sentence is not void as contrary to law, and the doctrine of res judicata operates to bar appellant's argument in this appeal." *State v. Fuller* (Oct. 22, 2008), Madison App. No. CA2008-04-008, ¶4-5.

{¶ 13} This court did not discuss the constitutionality of R.C. 2929.19(B)(3)(c) in *Singleton*. Even accepting *Singleton*'s dictum that R.C. 2929.191 applies prospectively, the curative portion of that statute is not mandatory. It reads, "On and after the effective date of this section, a court that

*wishes* to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division." (Emphasis added.) R.C. 2929.191(C). Thus, although the second syllabus paragraph of *Singleton* may reflect the worthwhile intent to resolve all cases involving postrelease-control sentencing issues in one fell swoop, it does not succeed in its goal. Since R.C. 2929.191 says that a court *may* correct a sentencing error if it so *wishes*, a court is not required by statute to do so. That leaves unresolved the question that this case raises – is a properly imposed sentence necessary for the imposition by the Adult Parole Authority of postrelease control, i.e., can the General Assembly render postrelease-control sentencing errors meaningless by statute?

{¶ 14} Since *Simpkins*, we have been waiting for the right case to address this issue. *This* is that case. Instead, a majority of the court today cites dictum from a non-majority of the court in *Singleton* to avoid the issue.

————————————

Stephen J. Pronai, Madison County Prosecuting Attorney, and Eamon P. Costello, Assistant Prosecuting Attorney, for appellee.

Shaw & Miller and Mark J. Miller, for appellant.

————————————