[Cite as *State v. Woodson*, 2011-Ohio-1324.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2010 CA 00101 |
| ROZELL WOODSON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                             Pleas, Case No.  2007 CR 00070(B)


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 21, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       BARRY T. WAKSER
PROSECUTING ATTORNEY                  200 West Tuscarawas Street
RENEE M. WATSON                       Suite 200
ASSISTANT PROSECUTOR                  Canton, Ohio  44702
100 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, J.*

{¶1} Appellant Rozell Woodson appeals from the decision of the Court of Common Pleas, Stark County, which addressed his post-conviction motion to vacate or set aside his sentence based on improper PRC notification. The relevant facts leading to this appeal are as follows.

{¶2} In January 2007, the Stark County Grand Jury indicted appellant and a co-defendant on one count of trafficking in cocaine, one count of possession of cocaine, and one count of having weapons under disability.

{¶3} Before trial, appellant and the co-defendant filed motions to suppress. After an evidentiary hearing, the motions to suppress were overruled.

{¶4} The co-defendant thereafter pled guilty. Appellant's case proceeded to a jury trial, resulting in a finding of guilty as charged. He was sentenced to ten years on each drug offense, to be served concurrently, and five years for having weapons under disability, to be served consecutive to the drug charges. Additionally, the court imposed the balance of appellant's post-release control time, two years and 144 days, to be served consecutive to the drug and weapons sentences. The sentencing entry stated that the trial court had advised appellant that post-release control was mandatory "up to a maximum of five (5) years."

{¶5} Appellant filed a direct appeal, challenging the denial of his motion to suppress as his sole assigned error. On February 19, 2008, we affirmed the trial court's decision. See *State v. Woodson*, Stark App.No. 2007CA00051, 2008-Ohio-670. Appellant's attempts to further appeal his conviction were denied.

{¶6} On January 4, 2010, appellant filed a motion to vacate or set aside his sentence based on an allegation of improper PRC notification. The trial court conducted a hearing on the motion on March 31, 2010. Appellant, via counsel, requested a full de novo resentencing hearing and objected to a limited PRC hearing. The trial court proceeded to advise appellant of his correct PRC obligations and essentially indicated it would take appellant's request for a de novo hearing under advisement.

{¶7} On April 1, 2010, the trial court issued a judgment entry denying appellant's aforesaid request. On April 5, 2010, the trial court issued a judgment entry nunc pro tunc which corrected the PRC language in the 2007 sentencing entry.

{¶8} Appellant filed a notice of appeal on May 3, 2010. He herein raises the following sole Assignment of Error:

{¶9} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT A DE NOVO SENTENCING HEARING."

{¶10} In his sole Assignment of Error, appellant maintains the trial court erred in declining to conduct a de novo sentencing hearing when correcting his PRC notification. We disagree.

{¶11} R.C. 2929.191 sets forth the mechanism for correcting a sentence that fails to properly impose post-release control. Said provision applies prospectively to sentences entered on or after July 11, 2006. *State v. Pearson*, Montgomery App.No. 23974, 2011-Ohio-245, f.n. 3, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶¶ 35-36. See, also, *State v. Nesser*, Licking App.No. 10CA61, 2011-Ohio-94, f.n. 1; *State v. Samples*, Stark App.No. 2010CA00122, 2011-Ohio-179, ¶ 27.

{¶12} In the case sub judice, although appellant was clearly sentenced after July 11, 2006, he essentially contends that the Ohio Supreme Court's plurality *Singleton* decision is dicta in this instance, as *Singleton* did not involve a post-7/11/06 sentence. He adds his assessment that the only parts of *Singleton* to have the support of at least four Justices are the two paragraphs of the syllabus and the portion of the lead opinion that holds R.C. 2929.191 does not apply retroactively.

{¶13} However, as aptly recognized by the Second District Court of Appeals, the Ohio Supreme Court has already extended the purported "dicta" of *Singleton* regarding the procedures of R.C. 2929.191 to cases where the defendant had been sentenced on or after July 11, 2006. See *State v. Marriott*, 189 Ohio App.3d 98, 937 N.E.2d 614, 2010-Ohio-3115, ¶ 56, citing *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010-Ohio-1017, ¶ 214 and *State v. Fuller*, 124 Ohio St.3d 543, 925 N.E.2d 123, 2010-Ohio-726.

{¶14} Accordingly, we hold appellant's PRC was properly corrected pursuant to statute, and his sole Assignment of Error is therefore overruled.

{¶15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., and
Hoffman, J., concur.



_____

_____

_____

                                            JUDGES

JWW/d 0308

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
ROZELL WOODSON                         :
                                       :
    Defendant-Appellant            :        Case No. 2010 CA 00101

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES