[Cite as *State v. Hardy*, 2011-Ohio-2824.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                     :          C.A. CASE NO.     22933

v.                                                      :          T.C. NO.     08CR1104

CHRISTOPHER E. HARDY              :              (Criminal appeal from
                                                                         Common Pleas Court)

    Defendant-Appellant                 :

                                                         :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the 10th day of June, 2011.

· · · · · · · · · ·

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third
Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

FRANK A. MALOCU,   Atty. Reg. No. 0055228, 2100 First National Plaza, 130 W. Second
Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1}   In June 2008, Christopher Hardy pled no contest to endangering children (serious

physical harm), felonious assault (serious physical harm), and endangering children (corporal

punishment - serious physical harm).   The trial court found him guilty and sentenced him to two

maximum eight-year sentences and one five-year sentence, to be served concurrently.[1] Hardy appealed, claiming that the trial court failed to make statutory findings under R.C. 2929.14(B) and (C). We affirmed the trial court's judgment. *State v. Hardy*, Montgomery App. No. 22933, 2009-Ohio-5301.

{¶ 2} Thereafter, in November 2009, Hardy filed an Application to Reopen Appeal, pursuant to App.R. 26(B), claiming that his appellate counsel was ineffective for not raising (1) that the maximum sentences were based on bias, (2) that the offenses were allied offenses of similar import, and (3) ineffective assistance of trial counsel. We granted the application to reopen for the limited purpose of allowing new appellate counsel to argue whether "the trial court erred when sentencing appellant to maximum sentences on each count when the records show that all three counts to which appellant pled no contest arose out of a single incident inflicted against appellant's son which constitute allied offenses." We note that, since Hardy was sentenced, the Supreme Court has decided *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, which requires an evaluation of the offenses in light of the defendant's conduct in determining whether the offenses are allied offenses of similar import.

{¶ 3} Although we have reopened Hardy's direct appeal and allowed him to raise an additional argument concerning allied offenses of similar import, we now observe the existence of a defect in Hardy's termination entry, which precludes us from exercising jurisdiction over his appeal. The defect at issue involves the trial court's failure to set forth the manner of Hardy's conviction in the termination entry, as required by Crim.R. 32(C).

---

[1] At the plea hearing, Hardy pled to Counts One, Two, and Three, all second degree felonies; Count Four, endangering children (parent- serious physical harm), a third degree felony, was to be dismissed. However, at sentencing, the trial court sentenced Hardy on Count Four, not Count Three.

**{¶ 4}** In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, the Ohio Supreme Court held that "a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Baker* at ¶18. This means that a trial court "is required to sign and journalize a document memorializing the sentence *and the manner of conviction: a guilty plea, a no contest plea upon which the court has made of finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial*." (Emphasis added.) Id. at ¶14. When a termination entry fails to include "the means of conviction, whether by plea, verdict, or finding by the court," it is not a final appealable order. Id. at ¶19.

**{¶ 5}** In this case, Hardy's termination entry stated that Hardy had "been convicted of the offenses of" endangering children (serious physical harm), felonious assault, and endangering children (parent-serious harm), but it did not specify the manner of conviction. As a result, it was not a final, appealable order. *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609; *State v. Hannah* (Feb. 8, 2011), Montgomery App. No. 24162 (decision and entry).[2]

---

[2] In *Hannah*, we held that because the defendant's judgment entry did not include the manner of conviction, it was not a final appealable order, and both the defendant's appeal from that judgment and our resolution of his appeal were "nullities." *Hannah* acknowledged the Supreme Court's recent decision in *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, which referred to the failure to include the manner of conviction as "a mere oversight" that "vested the trial court with *specific, limited jurisdiction* to issue a new sentencing entry to reflect what the court had previously ruled ***." (Emphasis sic). *Burge* at ¶19.

We need not discuss the contours of *Hannah* and *Burge* at this time. Moreover, we recognize that the Ohio Supreme Court is presently considering the implications of *Baker*, including whether a faulty termination entry may be corrected by a nunc pro tunc decision and whether an appeal from a revised sentencing entry to correct a Crim.R. 32(C) error is an appeal as of right.

**{¶ 6}** Parenthetically, we note that it appears that the trial court did not properly inform Hardy of the necessary period of post-release control or include the proper period in the termination entry. At the sentencing hearing, the trial court stated that "following your release you will be required to serve a mandatory period of post release control for a period of *up to* three years under the supervision of the Parole Board." (Emphasis added.) The termination entry imposes a period of *five years* of post-release control. (Emphasis added.) Under R.C. 2967.28(B)(2), a second degree felony that is not a sex offense is subject to a mandatory three-year period of post-release control. Sentences entered on or after July 11, 2006, that lack proper imposition of post-release control must be corrected in accordance with R.C. 2929.191. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶35; *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶214; *State v. Fuller*, 124 Ohio St.3d 543, 2010-Ohio-726.

**{¶ 7}** The appeal is hereby DISMISSED for want of jurisdiction.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

R. Lynn Nothstine
Frank A. Malocu
Hon. Mary Katherine Huffman

---

See, e.g., *State v. Lester*, Ohio Sup.Ct. No. 2010-1007; *State v. Lampkin*, Ohio Sup.Ct. No. 2010-2232.