[Cite as *State Banks*, 2015-Ohio-5372.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,              :

                                       No. 15AP-653
v.                                               :          (C.P.C. No. 08CR-5359)

Andre Banks,                                     :          (REGULAR CALENDAR)

      Defendant-Appellant.             :

---

D E C I S I O N

Rendered on December 22, 2015

---

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Andre Banks*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Andre Banks, appeals from a judgment of the Franklin County Court of Common Pleas, rendered on June 16, 2015, denying his motion for resentencing based on an allegedly void judgment. Finding no merit in Banks' assignments of error, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} We have previously recounted the underlying facts in this case:

On July 1, 2007, [Banks] was driving under the influence of alcohol and marijuana when he drove left of center and struck another vehicle. The driver of the other vehicle was seriously injured; the driver's husband, who was the front seat passenger, was killed; and their two children were injured. After the accident, [Banks'] blood was tested, revealing a blood-alcohol concentration of .138 grams and 27.97 nanograms per milliliter of marijuana in his system.

*State v. Banks*, 10th Dist. No. 10AP-1065, 2011-Ohio-2749, ¶ 2.

{¶ 3}   Based on this conduct, on July 23, 2008, Banks was indicted for two counts of aggravated vehicular homicide, three counts of aggravated vehicular assault, three counts of vehicular assault, and two counts of operating a vehicle under the influence ("OVI") of alcohol or drugs.   Banks pled not guilty on August 4, 2008, but in a plea hearing on January 5, 2009, Banks entered a guilty plea to three counts of the indictment, while the trial court dismissed the remaining counts.

{¶ 4}   The trial court held a sentencing hearing on February 3, 2009 and sentenced Banks to 8 years on the aggravated vehicular homicide count and 5 years on each of the two aggravated vehicular assaults.   It permitted Banks to serve the 5-year sentences concurrently with each other but ordered Banks to serve the 8 years consecutive to the 5-year sentences for a total of 13 years in prison.   The trial court declined to impose a fine but ordered Banks to pay court costs "in an amount to be determined."   (Judgment Entry, 2.)   According to the sentencing entry, it also notified Banks, "orally and in writing [that] the applicable period of post-release control is three (3) years mandatory." (Judgment Entry, 2.)   However, the notice with which Banks was provided and which Banks signed indicates five years of post-release control, does not indicate whether it is mandatory or discretionary, and the trial court did not explain post-release control during the sentencing hearing.   Yet the trial court did explain during the prior plea hearing on January 5, 2009, that Banks would be subject to three years of mandatory post-release control and the potential consequences of violating that control.   In addition, Banks' plea form indicated that Banks understood that three years of mandatory post-release control would be imposed and explained the consequences of violations.   However, the plea form initially indicated that Banks would be subject to five-years of mandatory post-release control but shows a pen and ink correction.

{¶ 5}   Banks appealed alleging ineffective assistance of counsel and improper remarks by the prosecutor during sentencing to the effect that Banks' driver's license was suspended at the time of the accident.   *State v. Banks*, 10th Dist. No. 09AP-224, 2009-Ohio-5582, ¶ 1.   On October 22, 2009, this court overruled Banks' assignments of error and affirmed his conviction and sentence.   *Id.*   Thereafter we denied Banks' motions for

reconsideration and to reopen the appeal on November 24, 2009 and March 2, 2010, respectively.

{¶ 6} In January 2010, Banks sought postconviction relief based primarily on allegations of improper collection of blood samples that indicated he was intoxicated at the time of the collision and an allegation that his license was not, in fact, suspended at the time of the collision, even though the trial court relied on that alleged fact when it sentenced him. Banks also filed a motion to vacate his sentence based on the allegedly improper failure to discuss post-release control during his sentencing. Finally, Banks submitted a motion to withdraw his guilty plea based on a number of allegations: first, that the failure to find Banks guilty of OVI (which he claimed was a "predicate offense") rendered the plea defective; second, that the plea was involuntary because he was led to believe that dismissal of the OVI meant that the trial court could not consider whether he was intoxicated at the time of the accident; and third, that the trial court considered uncharged and unproved conduct in sentencing (including whether Banks' license was suspended).

{¶ 7} Banks also filed an original action in procedendo with this court seeking to compel the trial judge to rule and issue findings of fact and conclusions of law regarding his postconviction petition. On October 14, 2010, the trial court denied Banks' motion for postconviction relief. Four days later, on October 18, 2010, the trial court denied the remaining motions in two separate decisions. This court denied Banks a writ of procedendo based on the trial court's rulings and the availability of a direct appeal from those rulings. *State ex rel. Banks v. Court of Common Pleas Franklin Cty.*, 10th Dist. No. 10AP-914, 2011-Ohio-5055. Banks separately appealed each of the trial court's rulings. We consolidated the appeals and, on June 7, 2011, we affirmed the judgments of the trial court. *Banks*, 2011-Ohio-2749, ¶ 1, 26. Banks sought reconsideration, which we denied on September 8, 2011. Banks also moved to certify a conflict, and on November 10, 2011, we denied that motion as well.

{¶ 8} Concurrently with Banks' activity before this court, he filed a motion on October 24, 2011 in the trial court to modify his sentence based on the passage of H.B. No. 86 which, among other things, changed the factors a trial court was required to consider when sentencing. On November 29, 2011, the trial court denied Banks' motion for

modification. Once again, Banks appealed and, on May 24, 2012, this court once again affirmed the trial court. *State v. Banks*, 10th Dist. No. 11AP-1134, 2012-Ohio-2328.

{¶ 9} On November 13, 2012, Banks sought to vacate and modify his sentence alleging that his sentence was unlawful based on the argument that he was not found guilty of the OVI "predicate offenses" and hence was not properly adjudicated guilty of the other offenses to which he pled. The trial court never ruled on this motion; however, the same argument was made and rejected in Banks' prior filings. *See Banks*, 2011-Ohio-2749.

{¶ 10} On February 18, 2015, Banks again filed a motion to change his sentence, this time entitled a motion for "re-sentencing based on void judgment." In this motion, Banks argued that the trial court failed to notify him that failure to pay court costs could result in him being ordered to perform community service and also that the court failed to notify him about post-release control. On June 16, 2015, the trial court denied Banks' motion, finding that the arguments and issues raised in this motion were raised or could have been raised on direct appeal and thus were res judicata and law of the case. Banks now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Banks asserts three assignments of error for review:

> [I.] THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION WHEN IT REFUSED TO RE-SENTENCE APPELLANT BANKS IN COMPLIANCE WITH STATUTORY REQUIREMENTS PURSUANT TO R.C. 2947.23(A)(1)(a), WHEN THE TRIAL COURT FAILED TO NOTIFY APPELLANT BANKS AT THE "SENTENCING HEARING" DATED FEBRUARY 3rd, 2009 THAT FAILURE OF APPELLANT BANKS, TO PAY THE COURT COSTS, IN AN AMOUNT TO BE DETERMINED" COULD RESULT IN THE COURT "ORDERING THE APPELLANT TO PERFORM COMMUNITY SERVICE "UNTIL THE JUDGMENT IS PAID OR UNTIL THE TRIAL COURT IS SATISFIED THAT THE APPELLANT IS IN COMPLIANCE WITH THE APPROVED SCHEDULE"
>
> [II.] THE TRIAL COURT ERRED A MATTER OF LAW, AND ABUSED ITS DISCRETION WHEN IT REFUSED TO RE SENTENCE APPELLANT BANKS IN COMPLIANCE WITH STATUTORILY MANDATED TERMS PURSUANT TO R.C.

2929.19 (B)(3)(C) THROUGH (E) AND R.C. 2967.28 WHEN THE TRIAL COURT FAILED TO COMPLY WITH SEPARATION OF POWERS CONCERNS AND TO FULFILL THE REQUIREMENTS OF POST RELEASE CONTROL SENTENCING STATUTES OF ABOVE, WHEN THE TRIAL COURT FAILED TO "NOTIFY THE APPELLANT AT "SENTENCING" ON FEBRUARY 3rd, 2009 OF THE PROPER NOTIFICATION OF HIS TERMS OF MANDATORY POST-RELEASE CONTROL, AND THE CONSEQUENCES OF VIOLATING POST-RELEASE CONTROL, AND INCORATING [sic] THAT STATUTORILY MANDATED TERM INTO ITS FEBRUARY 3rd JUDGMENT OF CONVICTION ENTRY AS STATUTORY REQUIRED BY LAW IN THE ABOVE REVISED CODES.

[III.] THE TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION FOR FAILING TO "OBJECT" AT "SENTENCING" ON FEBRUARY 3rd, 2009 TO THE TRIAL COURT'S IMPOSITION OF COURT COSTS IN AN AMOUNT TO BE DETERMINED WHEN THE COURT FAILED TO "NOTIFY APPELLANT BANKS, THAT HIS FAILURE TO PAY "COURT COSTS IN AN AMOUNT TO BE DETERMINED" COULD RESULT IN THE COURT "ORDERING" THE APPELLANT TO PERFORM COMMUNITY SERVICE UNTIL THE JUDGMENT IS PAID OR, UNTIL THE COURT IS SATISFIED THAT THE APPELLANT IS IN COMPLIANCE WITH THE APPROVED SCHEDULE.

(Sic passim.)

## III. DISCUSSION

### A. First and Third Assignments of Error – Whether it was Error for the Trial Court to Have Taxed Costs in an Amount to be Determined and Whether it was Ineffective for Defense Counsel to Have Failed to Object

{¶ 12} The Supreme Court of Ohio has explained:

The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995), citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108,

> 254 N.E.2d 10 (1969) and *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989). With regard to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. *Id.*, citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus, and *Whitehead*, paragraph one of the syllabus. Moreover, an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit. *Id.* at 382, 653 N.E.2d 226, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

*Brooks v. Kelly*, ___ Ohio St.3d ___, 2015-Ohio-2805, ¶ 7; *see also State v. Szefcyk*, 77 Ohio St.3d 93, 95-96 (1996); *Stromberg v. Bd. of Edn. of Bratenahl*, 64 Ohio St.2d 98, 100 (1980); *State ex rel. Ohio Water Serv. Co. v. Mahoning Valley Sanitary Dist.*, 169 Ohio St. 31, 34-35 (1959). As distinct from claim preclusion:

> "The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different."

*State ex rel. Stacy v. Batavia Local Sch. Dist. Bd. of Edn.*, 97 Ohio St.3d 269, 2002-Ohio-6322, ¶ 16, quoting *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998).

{¶ 13} The Supreme Court has discussed issue preclusion as generally more limited than claim preclusion in at least one respect:

> [T]he Ohio Supreme Court has held that "an absolute due process prerequisite to the application of collateral estoppel [claim preclusion] is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action."

*State ex rel. Davis v. Public Emps. Retirement Bd.*, 174 Ohio App.3d 135, 2007-Ohio-6594, ¶ 31 (10th Dist.), quoting *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 201 (1983). In other words, "[i]ssue preclusion does not apply to other matters that

might have been litigated but were not." *Id.*, quoting *Taylor v. Monroe*, 158 Ohio St. 266 (1952), paragraph three of the syllabus. However, in criminal cases res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal "if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis sic.) *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. Thus, res judicata as applied in criminal cases, although it deals with "issues" diverges from narrow issue preclusion and, like claim preclusion, also may permit preclusion of arguments or positions which could have been (but were not actually) litigated. There are, however, also exceptions to res judicata in criminal cases.

{¶ 14} Void sentences, for example, are subject to correction at any time irrespective of the principles of res judicata or law of the case doctrine. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 27, 30 (holding that a sentence is void in part where an offender is not properly required to be subject to a period of post-release control); *see also State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, paragraph one of the syllabus (extending *Fisher* to driver's license suspensions). This principle does not apply to the improper imposition of costs, however, because, among other reasons, courts have discretion on the imposition of costs, and costs are a civil assessment, even when assessed within a criminal case. *See State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 1, 19-21. Thus, Banks' arguments with respect to costs, even if successful, could not show that his sentence is void, even in part. Nor are Banks' claims regarding costs the sort of claims that rely on evidence that was not available in the record of his original trial and which could not properly have been raised on direct appeal. *See, e.g., Manigault v. Ford Motor Co.*, 96 Ohio St.3d 431, 435 (2002) ("The law prevents appellate courts from considering evidence dehors the record."). The trial court's rulings on costs were announced orally in the sentencing hearing and within the sentencing entry. Because the claims regarding costs could have been raised in his direct appeal in 2009, they cannot be raised now. *Jackson* at ¶ 92.

{¶ 15} Banks' first and third assignments of error are overruled.

**B. Second Assignment of Error – Whether the Trial Court Erred in the Manner in Which it Imposed Post-Release Control**

{¶ 16} A sentence in which an offender is not properly required to be subject to a period of post-release control is void, and the offending portion of the sentence is subject to correction at any time irrespective of the principles of res judicata or law of the case doctrine.[1] *Fischer* at ¶ 27, 30; *accord State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, ¶ 7; *see also State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, ¶ 15 (holding that "if a court improperly imposes post-release control on a sentence imposed on or after July 11, 2006, it may correct the sentence in accordance with the procedures set forth in R.C. 2929.191, which provides that a court must hold a hearing before issuing the correction. R.C. 2929.191(C)"). Thus, Banks' claim on this issue is not precluded by principles of res judicata or law of the case if it indeed shows his sentence was void. In addition we note that, although Banks previously raised this issue before the trial court in his March 4, 2010 motion to vacate, this is the first time he has raised the issue in an appeal before this court. *Banks*, 2011-Ohio-2749. Although Banks appealed the denial of his March 4, 2010 motion to vacate, he did not raise an assignment of error on the topic of post-release control. *Banks*, 2011-Ohio-2749, ¶ 4. Thus, not only will res judicata and the law of the case doctrine not protect the judgment of the trial court if it proves to be void, but there is also no prior decision from this court in this case on the same claim that could otherwise serve as an ample guide according to the principle of stare decisis.

---

[1] Both R.C. 2929.19 and 2967.28 expressly provide (and provided at the time *Fischer* was decided in 2010) that the failure to appropriately notify the defendant "does not negate, limit, or otherwise affect" the period of supervision imposed or the authority of the parole board to act on violations of post-release control. R.C. 2967.28(B) (2009); 2929.19(B)(3)(c) and (e) (2009); *see also* R.C. 2967.28(B); 2929.19(B)(2)(c) and (e). The Supreme Court does not explain in *Fischer* how its view that a failure of notification by the trial court renders a sentence void (even in part) can be compatible with the statutory language that the failure to appropriately notify the defendant "does not negate, limit, or otherwise affect" the period of supervision imposed or the authority of the parole board to act on violations of post-release control. *Compare* R.C. 2967.28(B); 2929.19(B)(2)(c) and (e) *with Fischer* at ¶ 10-26; *see also State v. Fuller*, 124 Ohio St.3d 543, 2010-Ohio-726, ¶ 5-14 (Pfeifer, J., dissenting). The high court has held "that terms of post release control are 'part of the actual sentence' and that the court must inform the offender regarding these terms, because sentencing is a judicial function and a sentence cannot be imposed by the executive branch of government." *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, ¶ 15, quoting *Woods v. Telb*, 89 Ohio St.3d 504, 511-12 (2000), citing *Fischer* at ¶ 23. But the *Schleiger* court did not hold R.C. 2929.19 or 2967.28 unconstitutional (or even cite them), even as it enunciated a proposition that poses a challenge to their validity. In addition, that a trial court properly possessed of jurisdiction produces a void sentence or order when it does what is prohibited by statute or fails to do what is required by statute, seems problematic. That is, if errors appearing in a judgment or decision (even errors that violate a statute or, for that matter, the Constitution) render the judgment or decision void, they create consequences for applying res judicata, law of the case, and waiver.

{¶ 17} As it stood at the time of Banks' sentencing, R.C. 2967.28 required the imposition of post-release control in relevant part as follows:

> (B) Each sentence to a prison term * * * for a felony of the second degree * * * or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused * * * physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a sentencing court to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division. * * * [A] period of post-release control required by this division for an offender shall be of one of the following periods:
>
> * * *
>
> (2) For a felony of the second degree * * * three years;
>
> (3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused * * * physical harm to a person, three years.

R.C. 2967.28(B) (2009). R.C. 2929.19, as written at the time of Banks' sentencing, required notification regarding the period of post-release control in relevant part as follows:

> (3) Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
>
> * * *
>
> (c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the * * * second degree, * * * or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused * * * physical harm to a person. If a court imposes a sentence including a prison term of a type

described in division (B)(3)(c) of this section on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(3)(c) of this section that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code.

* * *

(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender. If a court imposes a sentence including a prison term on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(3)(e) of this section that the parole board may impose a prison term as described in division (B)(3)(e) of this section for a violation of that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature if, pursuant to division (D)(1) of section 2967.28 of the Revised Code, the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term.

R.C. 2929.19(B)(3)(c) and (e) (2009).[2]

{¶ 18} We have previously held that a trial court need not strictly comply with these statutes need not be mechanically perfect in order to prevent a void judgment.

In our recent cases, we have " 'applied a "totality of the circumstances" test to determine whether or not the defendant was properly notified of post-release control.' " *State v. Cockroft*, 10th Dist. No. 13AP-532, 2014-Ohio-1644, quoting *State v. Boone*, 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 25, 975 N.E.2d 546, quoting *State v. Williams*, 10th

---

[2] In the current version of this statute, these provisions are found in division (B)(2) of R.C. 2929.19.

> Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 23. Using that approach, we have concluded that " 'the trial court sufficiently fulfilled its statutory obligations when, taken as a whole, its oral and written notifications, including those at the sentencing hearing, properly informed the defendant of post-release control.' " *Cockroft* at ¶ 14, quoting *State v. Wilcox*, 10th Dist. No. 13AP-402, 2013-Ohio-4347, ¶ 4.

*State v. Holloman*, 10th Dist. No. 14AP-419, 2014-Ohio-5763, ¶ 12. We have also found it significant in past cases when a defendant was properly advised of post-release control in plea hearings and in plea documents signed by the defendant. *See, e.g.*, *State v. Williams*, 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 14-21; *State v. Chandler*, 10th Dist. No. 10AP-369, 2010-Ohio-6534, ¶ 6, 13-14; *State v. Mays*, 10th Dist. No. 10AP-113, 2010-Ohio-4609, ¶ 5.

{¶ 19} Here the trial court did not precisely follow the statutory notifications when it sentenced Banks. According to the sentencing entry, it notified Banks, "orally and in writing [that] the applicable period of post-release control is three (3) years mandatory." But at the sentencing hearing the only mention the trial court made of post-release control was to address Banks' counsel, "Mr. Slemmer, please notify your client of post-release control in writing." (Feb. 3, 2009 Tr. 19.) Moreover, the notice with which Banks was provided and which Banks and his counsel signed indicates five years of post-release control and does not indicate whether it is mandatory or permissive. However, the trial court did previously explain to Banks during the January 2009 plea hearing that, in the event he pled guilty, Banks would be subject to three years of mandatory post-release control and the potential consequences of violating that control:

> THE COURT: Do you understand if you end up in prison as a result of this plea, that once released from prison, you would have mandatory three years supervision by the Adult Parole Authority of Ohio on the F-2 and mandatory three-year supervision on your Count Three. If you would violate the law while under their supervision, they could send you back to prison for more time on this case than this Court would give you, but in any event, no more extra time than an amount equal to one half this Court's sentence. Do you understand that?
>
> [BANKS]: Yes, Your Honor.

(Jan. 5, 2009 Tr. 5.)  In addition, Banks' plea form indicated that Banks understood that three years of mandatory post-release control would be imposed and explained:

> I understand that a violation of post-release control conditions or the condition under R.C. 2967.131 could result in more restrictive non-prison sanctions, a longer period of supervision or control up to a specified maximum, and/or reimprisonment for up to nine months. The prison term(s) for all post-release control violations may not exceed one-half of the prison term originally imposed. I understand that I may be prosecuted, convicted, and sentenced to an additional prison term for a violation that is a felony. I also understand that such felony violation may result in a consecutive prison term of twelve months or the maximum period of unserved post-release control, whichever is greater. Prison terms imposed for violations or new felonies do not reduce the remaining post-release control period(s) for the original offense(s).

The plea form initially indicated five years of post-release control and was then corrected to properly indicate three years.

{¶ 20}  While the trial court's notification to Banks did not strictly comply with the terms of the statutes, the trial court did include the mandatory three years of post-release control when it sentenced Banks in its judgment entry and it did take some steps to place Banks on notice about the nature of his post-release control obligations.  Under the totality of the circumstances, we find that the trial court sufficiently notified Banks of the term of post-release control.  Banks' arguments about the imprecision of the trial court's sentencing hearing statements, while a criticism, do not provide grounds for granting the relief Banks seeks, since they do not show that post-release control was not imposed or that Banks was not informed.  Accordingly, Banks' sentence is not void.

{¶ 21}  We overrule Banks' second assignment of error.

## IV.  CONCLUSION

{¶ 22}  We overrule Banks' three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

_____