[Cite as *State v. Banks*, 2017-Ohio-7135.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-210 |
| v. | : | (C.P.C. No. 08CR-5359) |
| Andre Banks, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 8, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Andre Banks,* pro se*.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Andre Banks, appeals from a judgment of the Franklin County Court of Common Pleas entered February 21, 2017, denying his motion for the trial court to waive court costs in his criminal case. Banks' assignments of error are virtually identical to the assignments of error he argued in a previous case before this court, and we found such arguments were barred by the doctrine of res judicata. This time is no different. We affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} We have previously recounted the facts and procedural history of this case in a number of prior decisions. *See State v. Banks*, 10th Dist. No. 15AP-653, 2015-Ohio-5372, ¶ 2-10, quoting *State v. Banks*, 10th Dist. No. 10AP-1065, 2011-Ohio-2749, ¶ 2, citing *State v. Banks*, 10th Dist. No. 11AP-1134, 2012-Ohio-2328; *Banks*, 2011-Ohio-2749, ¶ 1, 26; *State ex rel. Banks v. Court of Common Pleas Franklin Cty.*, 10th Dist. No. 10AP-914, 2011-Ohio-

5055; *State v. Banks*, 10th Dist. No. 09AP-224, 2009-Ohio-5582, ¶ 1. We shall therefore be brief.

{¶ 3} In July 2007, Banks drove on the wrong side of the road while drunk and high with the result that he killed one person and injured three, two of whom were children. *Banks*, 2011-Ohio-2749, ¶ 2. He pled guilty on January 5, 2009 and was sentenced on February 3 of that year to 13 years in prison. *Id.* at ¶ 3-4. Since then he has repeatedly sought resentencing or other review of his conviction and sentence based on a variety of technical and legal arguments; we have found merit in none of those arguments. *Banks*, 2015-Ohio-5372, ¶ 5-10, 14, 20.

{¶ 4} Notwithstanding the fact that we have previously ruled that Banks' complaints about the imposition of court costs are res judicata, Banks' latest motion requested that the trial court waive or suspend court costs on the grounds that his sentence is a "Nullity or Void" because the sentencing court failed to state the amount of costs when it imposed them and failed to provide certain warnings about consequences if Banks failed to pay. Nov. 23, 2016 Mot. at 5; *Banks*, 2015-Ohio-5372, ¶ 14 (finding that Banks' arguments on the imposition of costs are res judicata). The trial court denied Banks' motion, noting that he has already paid his court costs. (Feb. 21, 2017 Decision & Entry.)

{¶ 5} Banks again appeals.

## II. DISCUSSION

{¶ 6} Banks raises two assignments of error:

> [1.] The trial court erred as a matter of law, and abused its discretion when it refused to re-sentence Appellant Banks in compliance with statutory requirements pursuant R.C. 2947.23(A)(1)(a), when the trial court failed to notify appellant at the sentencing hearing dated Feb. 3rd, 2009 that failure of appellant, to pay the court cost "in an amount to be determined, could result in the court ordering the appellant to perform community service until the judgment is paid or until the trial court is satisfied that the appellant is in compliance with the approved schedule, and for failing to refund any monies taken in error from appellant's inmate account.
>
> [2.] Trial Counsel erred as a matter of law, and provided ineffective assistance of counsel in violations of the Sixth and Fourteen Amend. U.S. Const. and Sec. 10 Art. I Ohio Const. for

failing to object to the statutory requirements pursuant R.C. 2947.23(A)(1)(a)(b).

(Sic passim).

{¶ 7} Banks' assignments of error in this appeal are effectively the same as two of his assignments of error in his last appeal.

> [I.] THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION WHEN IT REFUSED TO RE-SENTENCE APPELLANT BANKS IN COMPLIANCE WITH STATUTORY REQUIREMENTS PURSUANT TO R.C. 2947.23(A)(1)(a), WHEN THE TRIAL COURT FAILED TO NOTIFY APPELLANT BANKS AT THE "SENTENCING HEARING" DATED FEBRUARY 3rd, 2009 THAT FAILURE OF APPELLANT BANKS, TO PAY THE COURT COSTS, IN AN AMOUNT TO BE DETERMINED" COULD RESULT IN THE COURT "ORDERING THE APPELLANT TO PERFORM COMMUNITY SERVICE "UNTIL THE JUDGMENT IS PAID OR UNTIL THE TRIAL COURT IS SATISFIED THAT THE APPELLANT IS IN COMPLIANCE WITH THE APPROVED SCHEDULE"
>
> * * *
>
> [III.] THE TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION FOR FAILING TO "OBJECT" AT "SENTENCING" ON FEBRUARY 3rd, 2009 TO THE TRIAL COURT'S IMPOSITION OF COURT COSTS IN AN AMOUNT TO BE DETERMINED WHEN THE COURT FAILED TO "NOTIFY APPELLANT BANKS, THAT HIS FAILURE TO PAY "COURT COSTS IN AN AMOUNT TO BE DETERMINED" COULD RESULT IN THE COURT "ORDERING" THE APPELLANT TO PERFORM COMMUNITY SERVICE UNTIL THE JUDGMENT IS PAID OR, UNTIL THE COURT IS SATISFIED THAT THE APPELLANT IS IN COMPLIANCE WITH THE APPROVED SCHEDULE.

*Banks*, 2015-Ohio-5372, ¶ 11.

{¶ 8} In that appeal, we *previously* overruled Banks' assignments of error as res judicata stating:

> [I]n criminal cases res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct

appeal "if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis sic.) *State v. Jackson*, 141 Ohio St. 3d 171, 2014-Ohio-3707, ¶ 92. * * *

Void sentences, for example, are subject to correction at any time irrespective of the principles of res judicata or law of the case doctrine. *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, ¶ 27, 30 (holding that a sentence is void in part where an offender is not properly required to be subject to a period of post-release control); *see also State v. Harris*, 132 Ohio St. 3d 318, 2012-Ohio-1908, paragraph one of the syllabus (extending *Fisher* to driver's license suspensions). This principle does not apply to the improper imposition of costs, however, because, among other reasons, courts have discretion on the imposition of costs, and costs are a civil assessment, even when assessed within a criminal case. *See State v. Joseph*, 125 Ohio St. 3d 76, 2010-Ohio-954, ¶ 1, 19-21. Thus, Banks' arguments with respect to costs, even if successful, could not show that his sentence is void, even in part. Nor are Banks' claims regarding costs the sort of claims that rely on evidence that was not available in the record of his original trial and which could not properly have been raised on direct appeal. *See, e.g., Manigault v. Ford Motor Co.*, 96 Ohio St. 3d 431, 43 (2002) ("The law prevents appellate courts from considering evidence dehors the record."). The trial court's rulings on costs were announced orally in the sentencing hearing and within the sentencing entry. Because the claims regarding costs could have been raised in his direct appeal in 2009, they cannot be raised now. *Jackson* at ¶ 92.

(Emphasis sic.) *Banks*, 2015-Ohio-5372, ¶ 13-14.

{¶ 9} Banks again presents arguments on costs, this time arguing they are not subject to res judicata because the "court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." R.C. 2947.23(C). However, the provision of law that Banks relies on did not take effect until 2013, years after the trial court imposed sentence on Banks and determined he was to pay the costs of his prosecution. 2012 Am.Sub.H.B. No. 247 (effective Mar. 22, 2013)[1]; *Banks*, 2015-Ohio-5372, ¶ 3-5.

{¶ 10} The Supreme Court of Ohio has held that " 'trial courts lack authority to reconsider their own valid final judgments in criminal cases' * * * although trial courts

---

[1] Reported online as 2011 Ohio HB 247.

retain continuing jurisdiction to correct a void sentence and to correct a clerical error in a judgment." *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 20, quoting *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338 (1997), citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19; *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597 (1992). For criminal sentences imposed after the effective date of HB 247, trial courts are afforded by law the jurisdiction to waive, suspend, or modify the payment of the costs of prosecution beyond the sentencing date. R.C. 2947.23(C). Note that the people of Ohio in the Ohio Constitution, Article IV, Section 4(B), have determined that the legislature determines the jurisdiction of the courts of common pleas: "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies *as may be provided by law*." (Emphasis added.) Thus in cases such as Banks' where sentence was imposed and the judgment became final *before* the effective date of HB 247, the trial court cannot "retain jurisdiction" to waive, suspend, or modify costs when it did not have the authority to do so at the time of sentencing. R.C. 2947.23(C); Ohio Constitution, Article IV, Section 4(B).[2]

{¶ 11} Banks was convicted, sentenced, and costs were imposed in 2009. *Banks*, 2011-Ohio-2749, ¶ 3-4. He lost his direct appeal in 2009. *Banks*, 2009-Ohio-5582, *in passim*. Current R.C. 2947.23(C) is inapplicable to Banks' case because the provision Banks seeks to avail himself of was not in effect until long after the trial court imposed costs when it sentenced him, reaching a final judgment.[3] Banks makes no new viable arguments, and his issues are res judicata, just as they were when we last addressed them in December 2015. *Banks*, 2015-Ohio-5372, ¶ 12-15.

{¶ 12} We overrule both of Banks' assignments of error.

---

[2] The Eighth District Court of Appeals has both agreed and disagreed with this conclusion. *See State v. Walker*, 8th Dist. No. 101213, 2014-Ohio-4841, ¶ 9 (holding that R.C. 2947.23(C) did not apply to a defendant sentenced in 2006); *but cf. State v. Hunter*, 8th Dist. No. 102245, 2015-Ohio-4180, ¶ 10-14 (stating that *Walker*'s holding was dicta and reaching the opposite result in a similar case); *see also State v. Bacote*, 8th Dist. No. 102991, 2015-Ohio-5268, ¶ 6-7 (following *Hunter*). We find the reasoning in *Hunter* to be problematic. *Hunter* stands for the proposition that "the plain wording of R.C. 2947.23(C) no longer places limits on when a defendant can seek a waiver, suspension, or modification of court costs." *Hunter* at ¶ 12. But R.C. 2947.23(C) is directed to a trial court's jurisdiction and not to what a defendant can do. Under the plain meaning of the statute, nothing empowers a trial court that has already relinquished or failed to "retain[] jurisdiction" to reach back and reacquire it. *Id.* Prior to the statute, a trial court could only correct a void sentence or correct clerical errors. *Raber.*
[3] Nor was the statute made to be retroactive.

## III. CONCLUSION

{¶ 13} Both of Banks' assignments of error are overruled as res judicata and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____